IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE SHELTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-CV-1261-MAB |
| | ) |
| MARY ROBINSON-DAVIS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Currently pending before the Court is the Motion to Dismiss filed by Defendant Mary Robinson-Davis seeking to dismiss Count 1 of the complaint (Doc. 21; *see also* Doc. 22). For the reasons explained below, the motion is denied.

### BACKGROUND

In October 2021, Plaintiff Maurice Shelton filed this civil rights action pursuant to 42 U.S.C. § 1983 to challenge the meals provided at the St. Clair County Jail ("Jail"), as well as other conditions at the Jail (Doc. 1). He complained, in pertinent part, of inadequate nutrition and alleged that detainees received small portions of food, watered-down food, and that Ms. Robinson-Davis, the Kitchen Supervisor at the Jail, ordered kitchen workers to "scrap[e] the sides of the pots" (Doc. 1, pp. 6, 11). He also alleged that detainees do not receive daily servings of fresh fruit (*Id.*). Plaintiff alleged that the cambros the detainees are given to drink out of are not cleaned daily, but merely rinsed with a water hose, and as a result the spouts are very dirty and have a black residue on

them (*Id.*). He further alleged that the cambros are not full (*Id.*). Plaintiff also complained that the serving utensils and trays are dirty (*Id.*). According to Plaintiff, he would "immediately" have to "use the toilet" after eating and he lost sixty pounds "within months" (*Id.*; Doc. 26, p. 4). He blamed Ms. Robinson-Davis for these conditions (Doc. 1, p. 6).

The Court conducted a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A and Plaintiff was permitted to proceed on the following claim:

> **Count 1:** Fourteenth Amendment due process claim against Kitchen Supervisor Mary Robinson-Davis for subjecting Plaintiff to inadequate nutrition, watered-down food, partially-filled drink containers, and dirty serving utensils and trays that, standing alone or in combination, caused Plaintiff to lose sixty pounds during his pretrial confinement at the Jail.

Ms. Robinson-Davis filed a motion to dismiss, arguing that Plaintiff's allegations fail to state a claim upon which relief can be granted, requiring dismissal under Fed. R. Civ. P. 12(b)(6) (Doc. 21). Plaintiff filed a response in opposition to the motion (Doc. 26).

## DISCUSSION

The purpose of a motion to dismiss under Rule 12(b)(6) is to address the legal sufficiency of the plaintiff's claim for relief; it does not look at the merits of the plaintiff's claim or decide whether the plaintiff will ultimately prevail. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss, the court accepts all well-pleaded facts as true and draws all reasonable inferences in the plaintiff's favor. *E.g., Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 512–13 (7th Cir. 2020). "[W]hile a complaint does not need 'detailed factual allegations' to survive a 12(b)(6) motion to dismiss, it must

allege sufficient facts 'to state a claim to relief that is plausible on its face.'" *Dix*, 978 F.3d at 512–13 (quoting *League of Women Voters of Chicago v. City of Chicago*, 757 F.3d 722, 724 (7th Cir. 2014)). Making the determination of plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted). Significantly, the standard for stating a claim under Rule 12(b)(6) is the same standard used by the Court in screening a *pro se* complaint pursuant to 28 U.S.C. § 1915A. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013); *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

As an initial matter, the Court notes that in arguing her motion to dismiss, Ms. Robinson-Davis applied the Eighth Amendment deliberate indifference standard (*see* Doc. 22). But this standard misses the mark. *See Hardeman v. Curran*, 933 F.3d 816, 824 (7th Cir. 2019). Claims brought by *pretrial* detainees are governed by the standard of objective reasonableness set forth by the Supreme Court in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), which is materially different than the deliberate indifference standard. *Hardeman*, 933 F.3d at 823 (citing *Kingsley*, 576 U.S. at 396–397); *McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018).[1] Additionally, many of Ms. Robinson-Davis's arguments are geared toward whether Plaintiff can survive summary judgment, not whether Plaintiff

---

[1] Under the objective reasonableness standard, the plaintiff must show that he faced conditions that posed an objectively serious threat to his health, the defendant "acted purposefully, knowingly, or perhaps even recklessly" with respect to the conditions of confinement, and that the defendant's actions were *objectively* unreasonable, meaning "not rationally related to a legitimate governmental objective or . . . excessive in relation to that purpose." *Hardeman*, 933 F.3d at 827 (Sykes, J., concurring) (citing *Kingsley*, 576 U.S. at 398). *Accord Williams v. Ortiz*, 937 F.3d 936, 942 (7th Cir. 2019). The plaintiff need not show that the defendant was *subjectively* aware that the conditions posed a significant risk of harm, as would be required for an Eighth Amendment deliberate indifference claim brought by a convicted prisoner. *McCann*, 909 F.3d at 886; *Miranda v. Cty. of Lake*, 900 F.3d 335, 350 (7th Cir. 2018).

states a claim sufficient to survive dismissal (*see, e.g.,* Doc. 21, p. 9 (arguing that "Mere allegations are not evidence and do not establish a question of fact.").[2] Ms. Robinson-Davis's summary judgment-based arguments and use of the Eighth Amendment deliberate indifference standard are reason enough to the deny the motion to dismiss. But it is also worth noting that the Court already screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a), which requires the Court to screen prisoner complaints and identify any cognizable claims and/or dismiss the complaint (or any portion of it) if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). In other words, the Court has already conducted a careful review of Plaintiff's complaint and determined that he has stated a claim (Doc. 12). And in reviewing Ms. Robinson-Davis's motion, none of the arguments in it convince the Court that it erred in any way or that it should reconsider its previous determination.

## Conclusion

For these reasons, the Motion to Dismiss filed by Defendant (Doc. 21) is **DENIED.** Defendant shall file her Answer to the complaint on or before July 27, 2022.

**IT IS SO ORDERED.**

**DATED: July 13, 2022**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**

---

[2] In fact, at one point, Ms. Robinson-Davis even states, "as a matter of law, summary judgment is warranted." (Doc. 22, p. 7)